COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
  
 IN THE MATTER OF J.A.H.
  
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00115-CV
  
 Appeal from the
  
 323rd
 Judicial District Court
  
 of Tarrant
 County, Texas
  
 (TC# 91709-J)
  
 
 


 

                                                    MEMORANDUM OPINION








            On January 25,
2010, Appellant, a juvenile, was adjudicated delinquent on a determinate-sentence
petition alleging the first-degree felony offense of aggravated robbery with a
deadly weapon for which he was sentenced to forty years’ confinement in the
Texas Youth Commission with possible transfer to the adult system.  Tex. Penal
Code Ann. § 29.03 (West 2011); Tex.
Fam. Code Ann. §§ 51.03, 53.045(a) (West 2008).  On January 4, 2011, the Texas Youth Commission
requested the trial court to conduct a hearing for the purpose of considering
the transfer of Appellant from the custody of the Commission to the custody of
the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) for
the remainder of his sentence.  Tex. Fam. Code Ann. § 54.11 (West 2008).  The trial court set a hearing to be conducted
on February 17, 2011.  On that date, Appellant
waived a public hearing under Section 54.11(f) of the Texas Family Code and, as
agreed by the parties, the trial court continued the hearing from February 17,
2011, to March 8, 2011.  Tex. Fam. Code Ann. § 54.11(f) (West
2008).  After the conclusion of evidence,
which included but was not limited to testimony and extensive record evidence showing
no fewer than 177 incidents of Appellant’s misconduct, the pendency of an
additional felony charge, Appellant’s failure to advance in his rehabilitation
program, and the repeated but unsuccessful attempts of the Commission staff and
professionals to address Appellant’s behavior and rehabilitation during his
first year of custody, the trial court found that the welfare of the community
required that custody of Appellant be transferred to TDCJ-ID for the remainder
of his sentence.  Tex. Fam. Code Ann. § 54.11(k) (West 2008); Act of May 20,
2009, 81st Leg., R.S., ch. 87, § 25.114, 2009 Tex. Sess. Law Serv. (West 2009)
(formerlyTex. Hum. Res. Code Ann.
§ 61.084(c) redesignated as Tex. Hum. Res.
Code Ann. § 245.151(c) (West 2011) and amended by Act of May 19, 2011,
82nd Leg., ch. 85, § 1.007, 2011 Tex. Sess. Law Serv. (West 2011).  Appellant appeals the trial court’s order
transferring his custody to TDCJ-ID.  We
affirm.

Appellant’s court-appointed counsel has filed a brief in which he has
concluded that the appeal is wholly frivolous and without merit.  The brief meets the requirements of Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied,
388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by advancing two contentions
which counsel says might arguably support the appeal. See High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684
(Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex.Crim.App.
1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); see also In re D.A.S., 973 S.W.2d 296, 298 (Tex. 1998) (Texas Supreme Court
held that the Anders procedure
applies to juvenile appeals and noted that, although juvenile-delinquency
proceedings are classified as civil, their nature is quasi-criminal).  A copy of counsel’s brief has been delivered
to Appellant, and Appellant has been advised of his right to examine the
appellate record and file a pro se
brief.  No pro se brief has been filed. 
The State has not filed a brief.

We have carefully reviewed the extensive record which is replete with
detailed facts supporting the trial court’s decision.  We have also carefully reviewed counsel’s
brief and agree with Appellant’s counsel that the appeal is wholly frivolous
and without merit.  A discussion of the
contentions advanced in counsel’s brief would add nothing to the jurisprudence
of the state.  Further, we find nothing
in the record that might arguably support the appeal.

The order is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

July 5, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.